UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Yvon Jeannot,

                      Plaintiff,

               -against-

The City of New York; New York City
Police Officer Mark Morales, shield
number 06100, New York City Police
Traffic Enforcement Agent Ursula
Edgehill, John Does 1 and 2,

                Defendants

07 CIV 8480 (SAS)

ECF CASE

COMPLAINT AND DEMAND
FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to the Civil Rights Act
of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in
violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the
Constitution of the United States.

## JURISDICTION

2.     This action arises under the Fourth and Fourteenth Amendments to the United
States Constitution and 42 U.S.C. § 1983.

3.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and
(4).

## VENUE

4.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events

giving rise to the claim occurred in the Southern District of New York.

**JURY DEMAND**

5.    The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6.    The Plaintiff, YVON JEANNOT, was born in Ay, France in 1943. He is a currently a resident of New York City where he has lived since the 1980s. Mr. Jeanot, an artist who work has been displayed worldwide, is known professionally as "Clement." He is married to the photographer Marguerite O'Brien. Their daughter, Jocelyne Jeannot, is currently attending Lehman College with the Macaulay Honor's Scholarship and the Peter Vallone Scholarship.

7.    Defendant CITY OF NEW YORK ("City") is a municipal corporation within the State of New York.

8.    Defendant NEW YORK CITY POLICE DEPARTMENT (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for

enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.      Defendant NYPD Officer MARK MORALES, shield number 06100, was a police officer is employed by the NYPD and at all relevant times herein was acting in the capacity of agent, servant, and employee of the City.  Defendant Morales is sued individually and in his official capacity.

10.      Upon information and belief, based on statements made by him in the Criminal Court complaint filed in this case, at all times relevant herein, Defendant Morales was assigned to the 19th Precinct.

11.      Defendant NYPD Traffic Enforcement Agent URSULA EDGEHILL, tax registration number 351243, was employed by the NYPD and at all relevant times herein was acting in the capacity of agent, servant, and employee of the City.  Defendant Edgehill is sued individually and in her official capacity.

12.      Upon information and belief, based on information provided in a parking ticket she issued, at all times relevant herein, Defendant Edgehill's command was T-103.

13.      Defendant JOHN DOES 1 and 2 are unidentified police officers who at all relevant times herein were employed by the NYPD and who were each acting in the capacity of agent, servant, and employee of the City.  Plaintiff is unable to determine the names of these NYPD officers at this time and thus sues them under fictitious designations.  Defendant John Does are sued in their individual and official capacities.

14.     At all times relevant herein, each individual defendant was acting under color of state law in the course and scope of his or her duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. The individual defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

### STATEMENT OF FACTS

15.     On May 8, 2007, at approximately 4:09 PM, Plaintiff's wife Margeurite O'Brien parked their car, a 1992 Plymouth Voyager, on East 86th Street in Manhattan, in the first legal parking spot west of the southwest corner of East 86th Street and Second Avenue.

16.     Ms. O'Brien placed money into a "muni meter" and was issued a receipt, which she then placed on the dashboard of the Voyager.

17.     Ms. O'Brien left and Mr. Jeannot proceeded to set up his display on the sidewalk near where the Voyager was parked.

18.     After the display was set up, Mr. Jeannot crossed Second Avenue to purchase some newspapers.

19.     After purchasing the papers and as he was waiting for the signal to cross Second Avenue and return to his display, he noticed that a traffic agent, who he later learned to be Defendant Traffic Enforcement Agent Ursula Edgehill, was looking through his

windshield to the dashboard of the Voyager.

20.     After Mr. Jeannot crossed the street he told Defendant Edgehill that the muni-meter receipt was there in the car.  He opened the car door, retrieved the receipt from the dashboard and showed it to Defendant Edgehill.

21.     Defendant Edgehill told Mr. Jeannot, in substance, that it was too late not to issue him a ticket because, indicating her handheld computer,  it was already "in the box."

22.     Defendant Edgehill then walked to the back of the car where she appeared to be entering the Mr. Jeannot's license plate number into her handheld computer.

23.     From the sidewalk Mr. Jeannot asked her why, if it was "in the box," she was continuing to enter information into the computer.

24.     The summons that was issued by Defendant Edgehill does not contain the vehicle identification number of the Voyager, indicating that Defendant Edgehill may not have scanned the vehicle registration sticker and that, in fact, the ticket had not been completed, or even started, at the time she stated it was "in the box."

25.     Defendant Edgehill then told Mr. Jeannot, who had this point had raised his voice, that her supervisor was on his way.

26.     Minutes later the "supervisor," John Doe 1, arrived.

27.     Mr. Jeannot showed him the still valid muni-meter receipt.  John Doe 1 stated, however, in substance, that it does not mater that the receipt was valid because Defendant Edgehill said that Mr. Jeannot pushed her.

28.    Mr. Jeannot vehemently denied the allegation and told John Doe 1 to get a doctor to examine Defendant Edgehill in order to prove that he did to touch her.

29.    Moments later, at least one unmarked police vehicle and two or three marked police vehicles arrived at the location with several officers both in and out of uniform, including Defendant Morales and John Doe 2.

30.    John Doe 2 searched Mr. Jeannot's pockets and arrested him.

31.    Mr. Jeannot was placed in a police vehicle and brought to the 19th Precinct at 153 East 67th Street, where he was held for several hours before being taken to Central Booking at 100 Centre Street.

32.    Mr. Jeannot was charged by way of a misdemeanor complaint charging him with Obstruction of Governmental Administration in the Second Degree (PL § 195.05) and Harassment in the Second Degree (PL § 240.26(1)).

33.    On June 19, 2007, the case against Mr. Jeannot was adjourned in contemplation of dismissal on motion of the District Attorney pursuant to CPL § 170.55.

34.    At no time did Mr. Jeannot ever push or even touch Defendant Edgehill.

**NOTICE OF CLAIM**

35.    Plaintiff did not file a Notice of Claim in this case.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Individual NYPD Defendants

36.     All other paragraphs herein are incorporated by reference as though fully set forth.

37.     In stopping, seizing, arresting, detaining, charging, and prosecuting Plaintiff, Defendants Edgehill, Morales and John Does 1 and 2 engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures, false arrest and imprisonment and malicious prosecution.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

38.     All other paragraphs herein are incorporated by reference as though fully set forth.

39.     Municipal liability for the violations of Plaintiff's Fourth Amendment rights rests upon the grounds set forth below.

40.     At all times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41.     At all times material to this complaint, the defendant City, acting through

defendant NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

1.    Assume jurisdiction over this matter;

2.    Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

3.    Award Plaintiff reasonable costs, disbursements and attorneys' fees; and

4.    Grant any other relief the court deems appropriate.

Dated:        New York, New York
              September 30, 2007

                            Respectfully submitted,


                            /s/
                            _____
                            Darius Wadia, L.L.C.
                            By:  Darius Wadia, Bar number DW8679
                            Attorney for Plaintiff
                            233 Broadway, Suite 2208
                            New York, New York  10279
                            dwadia@wadialaw.com
                            (212) 233-1212

TO:

New York City
Law Department
100 Church Street, 4th floor
New York, New York  10007

Police Officer Mark Morales, shield number 06100
New York City Police Department
19th Precinct
153 East 67th Street
New York, New York  10021

Traffic Enforcement Agent Ursula Edgehill
Traffic Control Division
Parking Enforcement District
330 West 34th Street
New York, New York 10001