UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Yvon Jeannot,

                              Plaintiff,         **ANSWER TO COMPLAINT**

        -against-                    **JURY TRIAL DEMANDED**

The City of New York, New York City Police Officer    07 CV 8480 (SAS) (DFE)
Mark Morales, shield number 06100, New York City
Police Traffic Enforcement Agent Ursula Edgehill,
John Does 1 and 2, ,

                              Defendants.
------------------------------------------------------------------X

        Defendants the City of New York, Police Officer Mark Morales and Traffic Enforcement Agent Ursula Edgehill by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that the plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that the plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that the plaintiff purports to invoke this Court's jurisdiction as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the plaintiff purports that venue is proper as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the plaintiff purports to demand a trial by jury as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations contained in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

8. Deny the allegations contained in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York and that the City of New York maintains a police department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Mark Morales was employed by the NYPD as a police officer on May 8, 2007, and admit that plaintiff purports to sue Officer Morales in his individual and official capacities.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Mark Morales was assigned to the 19th Precinct on May 8, 2007.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Ursula Edgehill was employed by the City of New York as a traffic enforcement agent on May 8, 2007, and admit that plaintiff purports to sue Agent Edgehill in her individual and official capacities.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Agent Edgehill was assigned to T-103 on May 8, 2007.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff purports to sue "John Does 1 and 2" in their individual and official capacities.

14. The allegations set forth in paragraph "14" of the complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admit that Agent Edgehill looked through plaintiff's windshield.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff told Agent Edgehill, in sum and substance, that his muni-meter receipt was in the car.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that the summons issued by Agent Edgehill does not contain a vehicle identification number.

25. Admit the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that a supervisor arrived.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that at least one unmarked police vehicle and two to three marked police vehicles arrived at the location with several officers both in and out of uniform. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint regarding "John Doe 2."

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that plaintiff was placed in a police vehicle and brought to the 19th Precinct at 153 E. 67th Street, where he was held prior to being taken to Central Booking.

32. Admit the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Admit the truth of the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

42. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

43. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

45. At all times relevant to the acts alleged in the complaint, Defendants City and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

46. Punitive damages cannot be recovered from the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

47. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

48. Plaintiff has not complied with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

49. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

50. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants City of New York, Police Officer Mark Morales and Traffic Enforcement Agent Ursula Edgehill request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            December 21, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of
                                        the City of New York
                                        Attorney for defendants City of New York,
                                        Mark Morales and Ursula Edgehill
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-1090

                            By:         _____
                                        ROBYN N. PULLIO (RP 7777)

6